# CIRCUIT COURT OF THE CITY OF NORFOLK

Aja Washington

v.

Charles V. Clark, Jr.,
E. V. Williams, Inc.,
and Brancing Highways, Inc.

September 7, 2011

Case No. (Civil) CL09-7757

BY JUDGE JOHN R. DOYLE, III

This matter came before the Court for argument on August 31, 2011, upon Defendant's Motion *in Limine*.

## I. *Facts*

This matter arises from an incident on or about March 8, 2008. Plaintiff, Aja Washington, alleges she was driving her motor vehicle along Hampton Boulevard at or near its intersection with Terminal Boulevard in the City of Norfolk, Virginia, when she was involved in an automobile accident with the Defendant.

The context of this evidentiary issue is that the Plaintiff was medically discharged from the Air Force earlier this year. She claims in this matter that her discharge was for medical conditions resulting from the automobile accident.

The Defendants object to any evidence establishing any purported causal connection between the accident and the medical discharge.

Plaintiff's counsel has indicated his intention to present as proof of that fact a document (Exhibit A attached), dated January 25, 2011, reporting the findings and recommended disposition of the United States Air Force Physical Evaluation Board proceedings. The Defendants specifically object to the admissibility of this document. Plaintiff maintains that the entire

document is admissible as a Public Records exception to the hearsay rule pursuant to Virginia Code § 8.01-390.

In the alternative, should the Court find that § 8.01-390 does not apply, the Plaintiff proffers the document into evidence not for the truth of the findings and opinions, but to show that the reason the Air Force cited for the discharge was certain injuries that they attributed to the accident.

## II. *Analysis*

It is first to be noted that this evidence pertaining to the medical discharge is only admissible on the issue of lost wages damages. The issue revolves around the Plaintiff's desire to connect the loss of her military career to the accident.

The basis of Defendants' objections, beyond the requirement of proper authentication pursuant to common law or statutory exceptions to hearsay, is that all the said information beyond the fact of the discharge carries with it either explicit opinions or implied opinions regarding the reasons for the discharge.

The Supreme Court of Virginia has held that the exception to hearsay in Virginia Code § 8.01-390 does not extend to opinions. The Court stated:

> [R]ecords and reports prepared by public officials pursuant to a duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein. Although a record or report may qualify as a public document, the hearsay objection is overcome only if the document relates to *facts* or events *within the personal knowledge and observation* of the recording official to which he could testify should he be called as a witness.

*Frank Shop, Inc. v. Crown Central Petroleum Corp.*, 261 Va. 169 (2001) (emphasis added).

Plaintiff acknowledges the government board does not conduct independent medical examinations or tests on service members whose medical records it evaluates; instead, relying on the service member's medical jackets and based upon what they find, it makes a determination of whether or not the service member can stay in the military. Plaintiff cites numerous cases supporting the position that a report which may be characterized as containing opinions can still be admitted under Virginia Code § 8.01-390. However, each of these cases involves a report which was the product of an investigation or study done by the government agency. See, *Jones v. Ford Motor Co.*, 2006 WL 3055492 (4th Cir. 2006); *Guild v. General Motors Corp.*, 53 F. Supp. 2d 363 (W.D. N.Y. 1999); *Ellis v. International Playtex, Inc.*, 745 F.2d 292 (4th Cir. 1984). These cases can

all be differentiated from the matter at hand, where the document is not a product of personal knowledge or investigation.

Furthermore, the Defendant argues the admission of such opinions as contained in the subject document contradicts fundamental protections afforded to litigants under Virginia law. The Supreme Court of Virginia stated in *McMunn v. Tatum*, 237 Va. 558 (1989):

> The admission of hearsay expert opinion without the testing safeguards of cross examination is fraught with overwhelming unfairness to the opposing party. No litigant in our judicial system is required to contend with the opinions of absent "experts" whose qualifications have not been established to the satisfaction of the court, whose demeanor cannot be observed by the trier of fact, and whose pronouncements are immune from cross-examination.

*Id.*, at 566.

Plaintiff contends that the "*McMunn* analysis" does not apply because the document does not contain medical opinions of the drafters or signatories of the document. If true, then the document fails the statutory test as a hearsay exception.

The section of the document that reports such things as the decision to medically discharge Ms. Washington and her length of service etc. are facts within the personal knowledge of the recording official and may be established simply through the introduction of the document. However, the sections of the document reporting the diagnoses and the attribution of those diagnosed conditions to this accident are clearly medical opinions, not facts. Such opinions cannot be proven simply by the introduction of a document and must be redacted.

Plaintiff's alternative argument is that the entire document can be considered not for the truth of its substance. This argument maintains that, because it does not matter if the diagnoses are correct or not, it is not admitted for the truth. All that matters is, right or wrong, the Air Force discharged Ms. Washington for certain cited reasons, and the jury is entitled to know what those reasons were. The Court holds that the logic is correct, and the reason for the discharge is admissible through appropriate witnesses but cannot be established solely by a document. The Court will not speculate as to by what other means the Plaintiff can prove the reason for the medical discharge.

### III. *Conclusion*

The Court finds the document at hand is largely statements of opinion that are not admissible by way of introducing the document on its own.

Additionally, the opinions in the document are not based on personal knowledge as required by the Virginia Code, and they are not covered by a hearsay exception within. Plaintiff may proffer other appropriate proof of the connection between the accident and the military discharge.